IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRY ALLEN HAYES, DT-5663,  )
    Petitioner,  )
                                     )
          v.  )   2:12-cv-1404
                                     )
SUPERINTENDENT HARLOW, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Terry Allan Hayes, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Hayes is presently serving a ten to twenty year sentence imposed following his conviction upon a plea of guilty entered on July 7, 1998 to one count of rape at No. 722 Criminal 1998 in the Court of Common Pleas of Mercer County, Pennsylvania.[1]

    The instant petition was executed August 27, 2012. However, this is not the first federal challenge that the petitioner has directed at these convictions. Hayes previously filed a habeas action challenging this conviction in this Court at 2:04-cv-329. That petition was denied on its merits on May 21, 2004 and no appeal was pursued. He subsequently filed another challenge to this same conviction at 3:05-202. The latter petition was transferred to the Court of Appeals for consideration as a successive petition and the later Court denied the petition as successive on August 1, 2005.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus

---

[1] See: Petition at ¶¶ 1-5.

1

reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C.§ 2244(b)(3)(A), and accordingly this Court lacks jurisdiction over it without the authorization of the Court of Appeals, it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 3rd day of October, 2012, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge